**FILED**

**2:39 pm, Sep 01, 2022**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No.  1:22-cr-00113-TWP-DLP |
| KYLE M. PETERSON, | ) |
| | ) |
| Defendant. | ) |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for

the Southern District of Indiana, and, Tiffany J. Preston, Assistant United States Attorney ("the

Government"), and the defendant, KYLE M. PETERSON ("the defendant"), in person and by

counsel, William Dazey, Jr., hereby inform the Court that a Plea Agreement has been reached in

this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its terms

and conditions:

**Guilty Plea and Charge(s)**

1.      **Plea of Guilty:** The defendant having waived the right to indictment by a grand

jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following

offense(s) charged in the Information:

a.      Count 1, which charges that the defendant committed the offense of Sexual

Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a).

2.      **Potential Maximum Penalties**:  As to Count 1, Sexual Exploitation of a Child, in

violation of Title 18, United States Code, Section 2251(a), the offense is punishable by a maximum

sentence of 30 years' imprisonment, a $250,000 fine, and a Lifetime of  supervised release following any term of imprisonment. The minimum penalty is 15 years of imprisonment.

3. **Elements of the Offense:** To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

1.      The defendant did knowingly employ, use, persuade, induce, entice, and coerce a minor;

2.      To engage in any sexually explicit conduct, as such conduct is defined in 18 U.S.C. § 2256(2);

3.      For the purpose of producing any visual depictions of such conduct; and

4.      While knowing or having reason to know that such visual depictions would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; or such visual depictions were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer, or such visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

### General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the

2

Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana. , except that the Government's agreement not to bring other federal charges does not extend to any possible charges under 18 U.S.C. § 2251 (Sexual Exploitation of a Child) regardless of whether information relevant to such charges is currently known to the Government. The Government will inform the Court and the defendant at the time of taking the defendant's plea

whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

7.    **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.    **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

**Sentence of Imprisonment**

9.      **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

i.      **Government's Recommendation:** The Government has agreed to recommend a sentence at the low end of the applicable Sentencing Guideline's Range as calculated by the Court at the time of sentencing, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

ii.      **Defendant's Recommendation:** The Defendant understands that he cannot be sentenced to a term of less than 15 years' imprisonment.

10.      **Placement:** The defendant requests that this Court recommend to the Federal Bureau of Prisons that the defendant serve any sentence of imprisonment imposed in this case at an institution named by the defendant at the time of his sentencing. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The Government does not object to the defendant's requested recommendation.

11.      **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

12.     **Conditions of Supervised Release:**   The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

## Monetary Provisions and Forfeiture

13.     **Mandatory Special Assessment:**   The defendant will pay a total of $100 assessment on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14.     **Fine:** The Government agrees to not seek the imposition of a fine at sentencing.

15.     **Restitution:**   Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, applies and that the Court is required to order the Defendant to make restitution to all the victims of his crimes.  There is no agreement as to the maximum amount of restitution.  Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct and is not limited to the counts of conviction.  The Defendant agrees to pay restitution for all losses caused by the Defendant's conduct.  The Defendant agrees to make restitution to any person whose sexually explicit visual depictions were possessed, transported, distributed, or received by the Defendant.  The Defendant also agrees that any restitution ordered by the Court shall not be dischargeable in any bankruptcy proceeding, and the Defendant will not seek or cause to be sought a discharge or a finding of dischargeability of the restitution obligation.

a.     **Minor Victim 1 as identified in the Information**:  The parties understand and agree that federal law requires the payment of restitution to the minor victim in the offenses charged in the Information, who was the victim in Count 1.  Pursuant to Title 18, United States

Code, Section 3663(a)(3), the defendant agrees 1) that the United States has already located and identified Minor Victim 1, and the defendant admits that he sexually exploited her; 2) the defendant agrees that he owes restitution to Minor Victim 1, and 3) the defendant agrees to pay Minor Victim 1 $10,000 for the harm he proximately caused to Minor Victim 1 as a result of his criminal offenses.

**b.    Payment Terms**: The parties understand that the Court will determine the payment terms for any restitution.

**c.    Other Claims**: Nothing in this agreement prevents any identified or unidentified victim in the Information who is entitled to restitution under the law from seeking additional restitution if they choose to do so. However, at the present time, the United States does not have any such victims presently identified. The Court shall order restitution under 18 U.S.C. §2259 in an amount to be determined by the Court as follows:

      i.    **Determining the full amount of a victim's losses**. The Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim under 18 U.S.C. §2259(b) and (c)(2).

      ii.    **Determining a restitution amount**. After completing the determination required under subparagraph (A), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses. For other victims whose sexually explicit visual depictions were possessed, distributed, received, or transported by the Defendant, the amount of restitution ordered by this Court shall be no

less than $3,000 per victim.  These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

iii.     **Ongoing investigation**:  The parties understand that the United States has not yet determined through its investigation whether any victims in the child pornography possessed by the Defendant can be identified or will seek such restitution.

iv.     **Payment schedule**:  The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

16.     **Special Assessments for offenses committed after December 7, 2018:**

a.     **JVTA Special Assessment:**  The Court may order the Defendant to pay a special assessment as may be required by the Juvenile Victims of Trafficking Act (JVTA) Special Assessment of **$5,000**, unless the Court determines that the Defendant is indigent. 18 U.S.C. §3014.

b.     **18 U.S.C. §2259A Special Assessment**:  If the Defendant is convicted of violating 18 U.S.C. §2251(a) for an offense involving the production of child pornography, the Court shall order an additional Special Assessment of **up to $50,000**. 18 U.S.C. §2259A(a)(3). If the Defendant is convicted of violating 18 U.S.C. §2252A(a)(1) for an offense involving trafficking

in child pornography, then the Court shall order an additional Special Assessment of **up to $35,000**. 18 U.S.C. §2259A(a)(2).

      **c.**    **Determining the Amount of 18 U.S.C. §2259A assessment:**  The Court shall consider the factors under 18 U.S.C. §3553(a) and §3572 including the Defendant's income, earning capacity, and financial resources in determining the amount of the 18 U.S.C. §2259A child pornography assessments within the range indicated.

      **d.**    **Effect of Other Penalties:**  Imposition of the 18 U.S.C. §2259A does not relieve a Defendant of or entitle a Defendant to reduce the amount of any other penalty by the amount of the assessment.

      **e.**    **Disbursement of payments:**  Any money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

      **i.**    A special assessment under 18 U.S.C. §3013.

      **ii.**    Restitution to victims of any child pornography offense that the Defendant committed (charged or uncharged conduct).

      **iii.**    A child pornography assessment under 18 U.S.C. §2259A.

      **iv.**    Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

      **v.**    All other fines, penalties, costs, and other payments required under the sentence.

      **17.**    The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

18.     **Obligation to Pay Financial Component of Sentence**:  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release.  The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

19.     The Defendant understands that any forfeiture order entered by the court is mandatory and is a part of Defendant's sentence.  The Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against the Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree constitute property items that the Defendant used or intended to be used to commit or to facilitate the commission of the offense of conviction and are therefore forfeitable under 18 U.S.C. § 2253(a): A Red Apple iPhone 13 Mini Model A2481, serial number LXX1C6WWLX and SIM card IMEI 350257575739323; the Verizon Nano, serial

number 89148000007726016104, identified in the Information, and all data on any digital device / storage media.

20.     The Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment filed in this case.  The Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment and agrees that a default or final judgment of forfeiture may be entered against the Defendant's interest without further notice to the Defendant or the Defendant's attorney.

21.     The Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment.  The Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture.  The Defendant waives the right to be informed of any potential forfeiture at the time the Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

22.     This Court shall retain jurisdiction to settle any disputes arising from application of this cause.  The Defendant agrees that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

23.     The Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

24.     **Abandonment:** If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and destruction of the property. The Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. The Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

### **Factual Basis for Guilty Plea**

25.     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

Beginning in at least March 20, 2020, KYLE M. PETERSON used the Internet to contact minors online. One said minor was Minor Victim 1, who was born in March 2007, and was twelve

years' old at the time PETERSON first began communicating with her over social media. Minor Victim 1 is from Hendricks County, Indiana, which is in the Southern District of Indiana. Knowing that Minor Victim 1 was under the age of 18, PETERSON began grooming Minor Victim 1 by distributing images and videos depicting pornography to her over the Internet. The pornography PETERSON distributed to Minor Victim 1 included an image depicting sadomasochistic behavior, and images and videos depicting bestiality such as videos depicting a female of an unknown age whose exposed vagina was being licked by a dog.

PETERSON also distributed images of his penis to Minor Victim 1 and would masturbate during their video chats. PETERSON instructed Minor Victim 1 to masturbate and send him videos. PETERSON further instructed Minor Victim 1 to insert a hairbrush and a curling iron into her anus, and to create additional videos of her urinating and defecating and distribute them to PETERSON. Minor Victim 1 complied with the request. PETERSON then used the screenshot feature to capture the images and videos Minor Victim 1 sent to him at his request. PETERSON also instructed Minor Victim 1 to send him a video of Minor Victim 1's dog licking her vagina and having sexual intercourse with her, which she refused. PETERSON then began threatening to disseminate Minor Victim 1's images and videos to her family and friends and post them on the Internet if she failed to continue to comply with his demands.

The social media applications that PETERSON used to communicate with and exploit Minor Victim 1 affected interstate commerce because the Internet is a facility of interstate commerce.

According, and as set forth in the Information, PETERSON admits that between at least March 25, 2020 and continuing until at least March 29, 2021, within the Southern District of Indiana, the defendant, KYLE M. PETERSON, attempted to and did employ, use, persuade,

induce, entice, and coerce a minor, Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate and foreign commerce and in or affecting interstate or foreign commerce and mailed, and that visual depiction was produced or transmitted using materials that had been mailed, shipped, and transported in or affecting interstate and foreign commerce by any means, including by computer, and that visual depiction has been transported and transmitted using any means or facility of interstate commerce and affecting interstate and foreign commerce; to wit; the following files depicting Minor Victim 1 and produced or transmitted via the Internet as described below:

| Count | Date | Application | Description |
|-------|------|-------------|-------------|
| Count 1 | March 5, 2021 | Social Media and Messaging Application A | A video depicting Minor Victim 1 masturbating |

In violation of Title 18, United States Code, Section 2251(a).

PETERSON further admits that he attempted to and did employ, use, persuade, induce, entice, and coerce a minor, Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in that between November 2, 2020, and February 3, 2020, he induced Minor Victim to create and distribute to him via Social Media Application A, a video depicting Minor Victim 1 urinating in a toilet with her vagina fully exposed, and a video depicting Minor Victim 1's vagina and anus fully exposed.

PETERSON admits that he knowingly engaged in distribution as a part of this offense, in that he knowingly distributed images and videos depicting minors and others engaged in in sexually explicit activity that included bestiality and sadomasochistic behavior to induce Minor Victim 1 to produce sexually explicit images of herself. PETERSON also directed a minor child

to engage in a sexual contact offense by instructing her to insert an object into her anus and vagina, which he agrees constitutes a sexual act under 18 U.S.C. § 2246(2)(C). PETERSON further admits that sexual exploitation of a minor is a covered sex crime, and that he engaged in a pattern of activity involving prohibited sexual conduct, namely the production of child pornography.

### Other Conditions

26.    **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

27.    **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

28.    **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Sentencing Guideline Stipulations

29.    **Guideline Computations:**    Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the

Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2021 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

## Chapter 2 Offense Conduct

**A.      Count 1: 18 U.S.C. § 2251(a)**

i.      The Base Offense level is 32. U.S.S.G. § 2G2.1(a).

ii.      Age of Victim:  The material involved a minor who had attained the age of twelve years, but not attained the age of 16 years.  This results in a 2-level increase. U.S.S.G. § 2G2.1(b)(1)(B).

iii.      The defendant knowingly engaged in distribution. This results in a 2-level increase. U.S.S.G. § 2G2.1(b)(3).

iv.      The offense involved the commission of a sexual act.  This results in a 2-level increase under U.S.S.G. § 2G2.1(b)(2)(A).

iv.      Chapter 2 subtotal: 38

## Chapter 3 Adjustments

**A.      Acceptance of Responsibility (U.S.S.G. § 3E1.1)**

**Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant  satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court

16

to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

Chapter 3 Subtotal: 35

**Chapter 4 Adjustments**

### A.  Repeat and Dangerous Sex Offender Against a Minor

Pursuant to Section 4B1.1(b)(5), sexual exploitation of a child is a covered sex crime, and the defendant engaged in a pattern of activity involving prohibited sexual conduct.  Accordingly, 5 levels are added.

**Final Offense Level: 40**

**Potential Civil Commitment and Sex Offender Registry**

**30.     Potential Civil Commitment**:  The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment.  He understands that any potential civil commitment would be the subject of a separate civil proceeding.  He further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed.  He understands that civil commitment can be imposed for an indefinite period of time. He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

**31.     Sex Offender Registration**:  The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as

required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender

Registration and Notification Act (SORNA) at 42 U.S.C. Section 16913.

<b><u>Waiver of Right to Appeal</u></b>

**32.     Direct Appeal:**   The defendant understands that the defendant has a statutory right

to appeal the conviction and sentence imposed and the manner in which the sentence was

determined.   Acknowledging this right, and in exchange for the concessions made by the

Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal

the conviction imposed in this case on any ground, including the right to appeal conferred by 18

U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute(s) to

which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the

defendant's admitted conduct does not fall within the scope of the applicable statute(s). The

defendant further agrees that in the event the Court sentences the defendant to a sentence at any

term that is within or below the applicable Guideline range determined by the Court at the time of

sentencing, regardless of the defendant's criminal history category or how the sentence is

calculated by the Court, then the defendant expressly waives the defendant's right to appeal the

sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C.

§ 3742. This blanket waiver of appeal specifically includes all provisions of the guilty plea and

sentence imposed, including the length and conditions supervised release and the amount of any

fine.

**33.     Later Legal Challenges:**   Additionally, the defendant expressly agrees not to

contest, or seek to modify, the defendant's conviction or sentence or the manner in which either

was determined in any later legal proceeding, including but not limited to, an action brought under

18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

18

       **f.**      **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

       **g.**      **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

       **h.**      **Motions for Compassionate Release:**  As concerns the Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i).  Any such motion must be based on one or more "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13 and the governing interpretations of that provision and its application notes (or, in the event of amendment of that U.S.S.G. provision or the relevant application notes, the provision(s), if any, with the same effect at the time of the filing of the motion for sentence reduction).  The defendant further agrees that under application note 1(D), as it appears in the 2018 Guidelines Manual, the defendant may assert only those reasons set forth in the relevant Bureau of Prisons program statement in effect at the time of the defendant's motion (currently Program Statement 5050.50).

The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**34.**     **No Appeal of Supervised Release Term and Conditions:**  The defendant waives the right to appeal the length and conditions of the period of supervised release.

**Presentence Investigation Report**

**35.**     The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**36.**     The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

**Immigration Consequences**

**37.**     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty.  The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Statement of the Defendant

**38.**     By signing this document, the defendant acknowledges the following:

**a.**     I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.**     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.**     I have read the entire Plea Agreement and discussed it with my attorney.

**d.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

21

**f.**     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**h.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**i.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**l.**     If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further

22

understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Certificate of Counsel

**39.**    By signing this document, the defendant's attorney and counselor certifies as follows:

**a.**    I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Information in this case;

**b.**    To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**c.**    The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**d.**    In my opinion, the defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**e.**    In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

**Final Provision**

40.     **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

9-1-22
DATE

Tiffany J. Preston
Assistant United States Attorney

9-1-22
DATE

Nicholas J. Linder
Criminal Chief

8/25/2022
DATE

KYLE M. PETERSON
Defendant

8/25/2022
DATE

William Dazey, Jr.
Counsel for Defendant

24